**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUI YANG,

           Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

           Respondent.

No.   15-70231

Agency No. A200-781-521

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Gui Yang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on a significant omission—an alleged May 2009 police beating Yang's parents apparently suffered—from Yang's written statement. *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Jiang v. Holder*, 754 F.3d 733, 738-40 (9th Cir. 2014) (substantial evidence review is a highly deferential standard that requires upholding the adverse credibility finding so long as even one basis is supported by substantial evidence); *Zamanov v. Holder*, 649 F.3d 969, 972-74 (9th Cir. 2011) (omissions from asylum application supported adverse credibility determination). Yang's explanations do not compel a contrary conclusion. *Id.* at 974 (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Yang's CAT claim because it was based on the same evidence found not credible, and Yang does not point to any other evidence in the record that compels the conclusion that it is more

2                                                                              15-70231

likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**